FILED
Jeffrey A. Apperson, Clerk
DEC 0 7 2009
U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                        PLAINTIFF

vs.                                         CRIMINAL ACTION NO. 3:09CR-92-M

RICHARD E. SAETTEL                                              DEFENDANT
a/k/a "Magical Man"

PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c)(1)(A) and (C), the United States of America, by Candace G. Hill, United States Attorney for the Western District of Kentucky, and defendant, Richard E. Saettel, and his attorney, Laura W. Wyrosdick, have agreed upon the following:

1. Defendant acknowledges that he has been charged in the Indictment in this case with violations of 18 U.S.C. §§ 2422(b), 2251(a), and 2251(e). Defendant further acknowledges that the Indictment in this case seeks forfeiture of any property, real and personal, used or intended to be used to commit or to facilitate the commission of the offense set out in Count 1 of the Indictment, including but not limited to an HP laptop computer bearing serial number 354VFUJC35 and a Motorola cellular telephone model H63XAN6RR4AN bearing serial number 354VFUJC35, pursuant to 18 U.S.C. § 2428 as well as all property, real and personal, used or intended to be used to commit or to promote the commission of the offense set out in Count 2 of the Indictment, including but not limited to a Kodak camera bearing serial number KCGFN63418009 and accompanying case, pursuant to 18 U.S.C. § 2253.

2. Defendant has read the charges against him contained in the Indictment, and those charges have been fully explained to him by his attorney. Defendant fully understands the nature and elements of the crimes with which he has been charged.

3.  Defendant will enter a voluntary plea of guilty to Count 1 in this case. Defendant will plead guilty because he is in fact guilty of the charge. The parties agree to the following factual basis for this plea:

On or about March 17, 2008, an individual using a screen name "Magical Man," began on-line communications with an individual representing herself to be a 14-year-old girl using a local social networking site. In fact, a Louisville Metro Police Department Crimes Against Children Unit Detective was performing his official duties in an undercover capacity posing as the 14-year-old girl. The detective engaged in the online conversations while at the LMPD CACU office in downtown Louisville, Kentucky, which is in the Western District o Kentucky.

"Magical Man" continued the on-line communications with the 14-year-old through instant messaging on "Yahoo!" While communicating on "Yahoo!," "Magical Man" used the screen name "Richard Saettel." During the communications, "Richard Saettel" described the type of vehicle he drove, a gold Ford Explorer, and discussed meeting the 14-year-old to engage in oral and vaginal sex. Saettel also stated he would transport the child to his home where he would take photos of her while she danced for him. Saettel said he would bring with him wine coolers and a vibrator for the child to use during transport to his house.

On March 18, 2008, a confirmation call was placed by a female LMPD Detective at approximately 1100 hours to a phone number previously provided by Saettel. The detective made contact with a male voice that answered the phone "Morel Construction, this is Richard." Det. Neilson, posing as the undercover child confirmed the meeting place discussed during the chats.

LMPD CACU Detectives traveled to the agreed upon meeting location in Jefferson County, Kentucky. Detectives observed a white male matching the description and photo of the person (previously obtained from Saettel's Kentucky Driver License) sitting inside of a gold Ford Explorer. Law enforcement officials conducted a felony arrest of the man. They identified the man as Richard E Saettel, a resident of Louisville, Kentucky.

A detective transported Saettel to the CACU office at 434 South Third Street, Louisville, Kentucky. Upon arriving at the CACU office, the detective advised Saettel of his constitutional rights. Saettel signed a written waiver of his constitutional rights and agreed to answer the detective's questions. During a videotaped interview, Saettel admitted that he was the person who had engaged in online communications with the 14-year-old girl. He reviewed the chat transcripts of the communications between himself and the girl and confirmed that they were accurate.

2

A search of Saettel's vehicle revealed a jar of petroleum jelly in the console between the seats. In a brown paper bag behind the drivers seat were two 4 packs of wine coolers along with the receipt from Liquor Barn. In the rear passenger seat was an open brief case containing the fictitious child's profile, a prescription bottle of Cialis, a gold vibrator, and various other paperwork. In the rear of the vehicle was a laptop bag containing a laptop with a Sprint wireless card in it.

4. Defendant understands that the charge to which he will plead guilty carries a minimum term of imprisonment of 10 years, a maximum term of imprisonment of life, a maximum fine of $250,000.00, supervised release of at least 5 years and up to any number of years, including life, which the Court may specify. Defendant understands that an additional term of imprisonment may be ordered if the terms of the supervised release are violated, as explained in 18 U.S.C. § 3583. Defendant understands that as a result of the charge to which he will plead guilty he will be ordered to forfeit any property, real and personal, used or intended to be used to commit or to facilitate the commission of the offense set out in Count 1 of the Indictment, including but not limited to an HP laptop computer bearing serial number 354VFUJC35 and a Motorola cellular telephone model H63XAN6RR4AN bearing serial number 354VFUJC35, pursuant to 18 U.S.C. § 2428.

5. Defendant understands that if a term of imprisonment of more than one year is imposed, the Sentencing Guidelines require a term of supervised release and that he will then be subject to certain conditions of release. §§5D1.1, 5D1.2, 5D1.3.

6. Defendant understands that by pleading guilty, he surrenders certain rights set forth below. Defendant's attorney has explained those rights to him and the consequences of his waiver of those rights, including the following:

   A. If defendant persists in a plea of not guilty to the charges against him, he has the right to a public and speedy trial. The trial could either be a jury trial or

a trial by the judge sitting without a jury. If there is a jury trial, the jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that defendant is presumed innocent and that it could not convict him unless, after hearing all the evidence, it was persuaded of defendant's guilt beyond a reasonable doubt.

    B.    At a trial, whether by a jury or a judge, the United States would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them. In turn, defendant could present witnesses and other evidence in his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court.

    C.    At a trial, defendant would have a privilege against self-incrimination and he could decline to testify, without any inference of guilt being drawn from his refusal to testify. If defendant desired to do so, he could testify in his own behalf.

7.    Defendant understands that the United States Attorney's Office has an obligation to fully apprise the District Court and the United States Probation Office of all facts pertinent to the sentencing process, and to respond to all legal or factual inquiries that might arise either before, during, or after sentencing. Defendant admits all acts and essential elements of the indictment counts to which he pleads guilty.

8.    The defendant further understands that he may be responsible for a fine, costs of prosecution, costs of incarceration and supervision which may be required. All financial matters are

4

left to be addressed at sentencing.

9. Defendant acknowledges liability for the special assessment mandated by 18 U.S.C. § 3013 and will pay the assessment in the amount of $100.00 to the United States District Court Clerk's Office **by** the date of sentencing.

10. At the time of sentencing, the United States will

-move for dismissal of Count 2 of the Indictment.

-agree that a sentence of 120 months' imprisonment (the statutory mandatory minimum term of imprisonment) is the appropriate disposition of this case.

-recommend a fine at the lowest end of the applicable Guideline Range, to be due and payable on the date of sentencing based upon a determination of the defendant's ability to pay – as revealed through preparation and review of the presentence investigation report.[1]

-demand forfeiture of any property, real and personal, used or intended to be used to commit or to facilitate the commission of the offense set out in Count 1 of the Indictment, including but not limited to an HP laptop computer bearing serial number 354VFUJC35 and a Motorola cellular telephone model H63XAN6RR4AN bearing serial number 354VFUJC35, pursuant to 18 U.S.C. § 2428.

11. Defendant is aware of his right to appeal his conviction and that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. The Defendant knowingly and voluntarily waives the right (a) to directly appeal his conviction and the resulting sentence pursuant to Fed. R. App. P. 4(b) and 18 U.S.C. § 3742, and (b) to contest or collaterally attack his conviction and the resulting sentence pursuant to 28 U.S.C. § 2255 or otherwise. Defendant understands and agrees that nothing in this plea agreement should be construed as a waiver by the United States of

---

[1] The defendant acknowledges that he has read the Notice and Penalty Pages attached to the Indictment, and that he understands the interest and penalty provisions applicable to the fine imposed and included in the Judgment entered by the Court, said Notice and Penalty Pages are incorporated herein by reference.

its right to appeal the sentence under 18 U.S.C. § 3742.

12. The defendant has been advised and understands, that under the Sex Offender Registration and Notification Act (42 USC §§ 901 et.seq), the defendant must register and keep the registration current in each of the following jurisdictions: the location of the defendant's residence, the location of the defendant's employment; and, if the defendant is a student, the location of the defendant's school. Registration will require that the defendant provide information that includes name, residence address, and the names and addresses of any places at which the defendant is or will be an employee or a student. The defendant understands that he must update his registrations not later than three business days after any change of name, residence, employment, or student status. The defendant understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

13. Defendant agrees to make a full and complete disclosure of his assets and financial condition and will submit to an investigation by the Financial Litigation Unit of the United States Attorney's Office for the purpose of insuring prompt satisfaction of all fines, restitution, and special assessments resulting from his guilty plea.

14. This Agreement is entered into by the United States on the basis of the express representation of defendant that he is making a full and complete disclosure of all assets over which he exercises control. This Agreement does not bind the Internal Revenue Service from the collection of taxes.

15. Defendant agrees to the forfeiture of any interest he or his nominees may have in the following assets which he owns or over which he exercises control:

any property, real and personal, used or intended to be used to commit or to facilitate the commission of the offense set out in Count 1 of the Indictment, including but not limited to an HP laptop computer bearing serial number 354VFUJC35 and a Motorola cellular telephone model H63XAN6RR4AN bearing serial number 354VFUJC35, pursuant to 18 U.S.C. § 2428.

16. By this Agreement, defendant agrees to forfeit all interests in the properties listed in paragraph 15 above and to take whatever steps are necessary to pass clear title to the United States. These steps include but are not limited to surrender of title, the signing of a consent decree, a stipulation of facts regarding the transfer and basis for the forfeitures and signing any other documents necessary to effectuate such transfers.

17. Defendant agrees to a pre-plea investigation by the United States Marshal's Service for the purpose of assessing the value of each and every asset. Defendant agrees to undergo a full debriefing in order to accomplish this end.

18. Defendant agrees to waive any double jeopardy challenges that defendant may have to any administrative or civil forfeiture actions arising out of the course of conduct that provide the factual basis for this Indictment. Defendant further agrees to waive any double jeopardy challenges that defendant may have to the charges in this Indictment based upon any pending or completed administrative or civil forfeiture actions.

19. Nothing in this Agreement shall protect defendant in any way from prosecution for any offense committed after the date of this Agreement, including perjury, false declaration, or false statement, in violation of 18 U.S.C. §§ 1621, 1623, or 1001, or obstruction of justice, in violation of 18 U.S.C. §§ 1503, 1505, or 1510, should defendant commit any of those offenses during the

cooperation phase of this Agreement. Should defendant be charged with any offense alleged to have occurred after the date of this Agreement, the information and documents disclosed to the United States during the course of the cooperation could be used against defendant in any such prosecution.

20. Defendant agrees not to pursue or initiate any civil claims or suits against the United States of America, its agencies or employees, whether or not presently known to defendant, arising out of the investigation or prosecution of the offenses covered by this Agreement.

21. The defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

22. Defendant agrees to interpose no objection to the United States transferring evidence or providing information concerning defendant and this offense, to other state and federal agencies or other organizations, including, but not limited to the Internal Revenue Service, other law enforcement agencies, and any licensing and regulatory bodies, or to the entry of an order under Fed. R. Crim. P. 6(e) authorizing transfer to the Examination Division of the Internal Revenue Service of defendant's documents, or documents of third persons, in possession of the Grand Jury, the United States Attorney, or the Criminal Investigation Division of the Internal Revenue Service.

23. If the Court refuses to accept this agreement and impose sentence in accordance with its terms pursuant to Fed. R. Crim. P. 11(c)(1)(C), this Agreement will become null and void and neither party shall be bound thereto. The defendant will be allowed to withdraw the plea of guilty. The United States will be relieved of its commitment to move for the dismissal of Count 2 of the

8

Indictment and will, upon conviction of the defendant, be free to proceed with any sentencing arguments as deemed appropriate.

24. Defendant agrees that the disposition provided for within this Agreement is fair, taking into account all aggravating and mitigating factors. Defendant states that he has informed the United States Attorney's Office and the Probation Officer, either directly or through his attorney, of all mitigating factors. *\* Argue for CC time.*

25. This document states the complete and only Plea Agreement between the United States Attorney for the Western District of Kentucky and defendant in this case, and is binding only on the parties to this Agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be modified other than in writing that is signed by all parties or on the record in Court. No other promises or inducements have been or will be made to defendant in connection with this case, nor have any predictions or threats been made in connection with this plea.

AGREED:

CANDACE G. HILL
United States Attorney

By: _____     12/7/09
s/ Jo E. Lawless                       Date
Assistant United States Attorney


I have read this Agreement and carefully reviewed every part of it with my attorney. I fully understand it and I voluntarily agree to it.

_____     12-7-09
Richard E. Saettel                 Date
Defendant

9

I am the defendant's counsel. I have carefully reviewed every part of this Agreement with the defendant. To my knowledge my client's decision to enter into this Agreement is an informed and voluntary one.

_____      12/7/09
Laura W. Wyrosdick                 Date
Counsel for Defendant

CGH:JEL:091204